ORIGINAL

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
A. BERARDI CONSTRUCTION, INC. ) Case No. 04-46307
)
) Chapter 11
Debtor. )
) Judge John H. Squires

### NOTICE OF PROPOSED ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING BAR ORDER NOTICE, AND APPROVING NOTICE PROCEDURE

TO: THE PARTIES ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that upon the annexed motion of A. Berardi Construction, Inc. (the "Debtor"), dated March 10, 2005, for an order pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") fixing the bar date for filing certain proofs of claim, the undersigned will present for signature the annexed order to the Honorable John H. Squires United States Bankruptcy Judge of the United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois 60604 on April 4 at 9:00 a.m..

PLEASE TAKE FURTHER NOTICE that responses, if any, to the proposed order shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, shall set forth the name of the objectant, the nature and amount of any claims or interests held or asserted by the objectant against the Debtor's estate or property, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court, with a copy to chambers, together with proof of service thereof, and served upon B. Lane Hasler, P.C.,

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 1 5 2005

KENNETH S. GARDNER, CLERK
PS REP. - AI

Attorneys for the Debtor, 70 West Madison, Suite 1400, Chicago, Illinois 60602, Attn: B. Lane Hasler, Esq., so as to be received not later than 5:00 p.m. on April 1, 2005. Unless objections are received by that time, the order may be signed.

Dated: Chicago, Illinois
       March 10, 2005

                                 A. Berardi Construction, Inc.

                                 By: _____
                                 B. Lane Hasler
                                 One of Its Attorneys

<u>Attorneys for the Debtor</u>

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
70 West Monroe
Suite 1400
Chicago, Illinois 60602
Tel: 312-893-0551

**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| A. BERARDI CONSTRUCTION, INC. ) | Case No. 04-46307 |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Judge John H. Squires |

**MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3)
FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING
BAR ORDER NOTICE AND APPROVING NOTICE AND PROCEDURE**

A. Berardi Construction, Inc., the debtor and debtor-in-possession (the "Debtor"), hereby moves (the "Motion") the Court, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") for the entry of an Order fixing the bar date for filing proofs of claim, approving the bar order notice, and approving notice procedures. In support of this Motion, the Debtor respectfully represents as follows:

Case Background

A. The Involuntary Chapter 7 Filing

1. On December 16, 2004 (the "Petition Date"), an involuntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") was filed against the Debtor.

2. An order for relief was entered in this case on or about January 12, 2005.

3. Pursuant to Debtor's motion, this case was converted to one under chapter 11 of the Bankruptcy Code

B. The Chapter 11 Case

4. No creditors' committee has been appointed in this case.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein is section 327 of the Bankruptcy Code.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 1 5 2005
KENNETH S. GARDNER, CLERK

  C. <u>Current Business Operations</u>

  6. The Debtor is a painting contractor working small commercial projects. The Debtor has limited staff and operates primarily from project to project.

  D. <u>Reason For Chapter 11 Filing</u>

  7. Prior to the Petition Date, the Debtor had a large receivable on a City of Chicago Water Department project which was unpaid putting the Debtor in a cash crisis which did not allow for payments to its union funds which filed the involuntary petition.

<u>Jurisdiction and Venue</u>

  8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Rule 3003(c)(3).

<u>Request for Bar Order</u>

  9. Pursuant to Bankruptcy Rule 3003(c)(3), the Court shall fix the time within which proofs of claim may be filed pursuant to section 501 of the Bankruptcy Code. The Debtor hereby requests that the Court fix May 20, 2005 at 5:00 p.m. Central Standard Time as the last day on which proofs of claim may be filed (the "Bar Date"). Based on the notice procedures set forth below, such date will give creditors ample opportunity to prepare and file proofs of claim.

  10. Pursuant to the proposed order attached hereto as Exhibit B (the "Bar Order"), each person or entity, including without limitation each individual, partnership, joint venture, corporation, estate, trust and governmental unit, that asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose prior to the Petition Date must file on or before the Bar Date an original, written proof of such claim which substantially conforms to Official Form No. 10 by delivering same to the Clerk of the Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn, 7th Floor, Chicago, Illinois 60604. Such proofs of claim will be deemed timely filed only when actually <u>received</u> by the Clerk on or before the Bar Date.

2

11.     Pursuant to the proposed Bar Order, the following persons or entities are <u>NOT</u> required to file a proof of claim on or before the Bar Date:

(1)     Any person or entity that has <u>already</u> properly filed with the Clerk a proof of claim against the Debtor utilizing a claim form which substantially conforms to Official Form No. 10;

(2)     Any person or entity (a) whose claim is listed on the Debtor's Schedules of Liabilities previously filed with the Court (as may be amended from time to time) and whose claim is <u>not</u> described as being "disputed," "contingent," or "unliquidated" and (b) that <u>agrees</u> with the amount and manner of classification set forth in such Schedules;

(3)     Any non-debtor subsidiary or affiliate on account of an intercompany claim against the Debtor; and

(4)     Holders of claims allowed by an order of this Court entered on or before the Bar Date.

The proposed Bar Order further provides that claims arising from the rejection of an executory contract or unexpired lease following the Bar Date must be filed on or before the date specified in the order authorizing such rejection.

<u>Consequences of Failure to File a Proof of Claim</u>

12.     The proposed Bar Order provides that pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely proof of claim in the form and manner specified by the Bar Order and that fails to do so on or before the Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtor for the purpose of voting upon any plan or plans of reorganization, shall not receive or be entitled to receive any payment or distribution of property from the Debtor, or its successors or assigns with respect to such claim and shall be forever barred from asserting such claims against the Debtor.

3

### Notice of the Bar Order and the Bar Date

13. Pursuant to the proposed Bar Order and Bankruptcy Rule 2002(a)(8), the Debtor will cause notice of the Bar Order substantially in the form annexed hereto as Exhibit "A" (the "Bar Order Notice"), together with a Proof of Claim in the form of Official Form 10 to be mailed to (i) the United States Trustee's Office, (ii) all persons or entities that have filed a notice of appearance in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Order, (iii) all persons or entities listed on the Schedules of Liabilities, and (iv) all other known holders of claims, if any, as of the date of the Bar Order. The proposed Bar Order Notice advises the above parties of the Bar Date, the parties who must file a proof of claim, the procedure therefor and the consequences of failure to file a timely proof of claim.

### The Proposed Notice is Reasonable and Adequate

14. The Debtor proposes that the Bar Order Notice be mailed as soon as practicable, but not later than April 5, 2005. This allows 45 notice of the Bar Date to all known creditors. Such period is clearly an adequate period of time within which to file a proof of claim, as Bankruptcy Rule 2002(a)(8) requires only twenty days' notice and given the Debtor has only 19 known creditors.

### Notice

15. Notice of this Motion has been given to (a) the United States Trustee's Office; and (b) all persons or entities that filed a notice of appearance in these chapter pursuant to Bankruptcy Rule 2002(i), as of the date of this Motion. The Debtor submits that no further notice is necessary.

WHEREFORE the Debtor requests entry of an order substantially in the form annexed hereto as Exhibit B: (i) fixing May 20, 2005 as the Bar Date, (ii) approving the Bar Order Notice annexed hereto as Exhibit A, (iii) approving the notice procedures set forth herein, and (iv) granting such other and further relief as is just.

Dated: Chicago, Illinois
      March 10, 2005

                                            Respectfully Submitted

                                            **A. Berardi Construction, Inc.**

                                            By: _____
                                                B. Lane Hasler
                                                One of Its Attorneys

<u>Attorneys for the Debtor</u>

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
70 West Monroe
Suite 1400
Chicago, Illinois 60602
Tel: 312-893-0551

EXHIBIT A

Case 04-46307    Doc 30    Filed 03/15/05    Entered 03/17/05 12:59:53    Desc Main
                          Document      Page 8 of 9

EXHIBIT A

## EXHIBIT B