UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| A. BERARDI CONSTRUCTION CO., INC. ) | Case No. 04-46307 |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Judge John H. Squires |

### ORDER CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION

A. Berardi Construction Co., Inc. (the "Debtor") was the subject of an involuntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") filed on December 16, 2004. Pursuant to Debtor's motion, this case was converted to one under chapter 11 of the Bankruptcy Code and an order for relief was entered in this case on January 12, 2005.

The Debtor filed the First Amended Plan of Liquidation, dated September 9, 2005 (the "Plan") and the Disclosure Statement For First Amended Plan of Liquidation pursuant to §1125 of the Bankruptcy Code, dated September 9, 2005 (the "Disclosure Statement"),(hereinafter, all terms in this order not otherwise defined herein shall have the respective meanings assigned to them in the Plan).

A hearing was held before this Court on October 31, 2005 on notice to parties in interest, to consider the Debtor's request for approval of the Disclosure Statement. The Disclosure Statement, with the Plan attached as Exhibit A, the Solicitation Letter, the Notice of Hearing on Confirmation of First Amended Plan of Liquidation, and a Ballot (collectively referred to herein as the "Solicitation Packet") was approved by Order of this Court dated October 31, 2005 (the "Disclosure Statement Order"). The Disclosure Statement Order authorized the Debtor to,

among other things, solicit Ballots for acceptance or rejection of the Plan from all Holders of Claims or Interests entitled to vote thereon in accordance with the Disclosure Statement Order. The Solicitation Packet was transmitted to Holders of Claims or Interests as provided in the Disclosure Statement Order, and the solicitation of Ballots for acceptance or rejection of the Plan from Holders of Claims or Interests entitled to vote thereon was made in the manner required by this Court pursuant to the Disclosure Statement Order.

A hearing to consider confirmation of the Plan came to be heard before this Court on December 15, 2005 (the "Hearing"), upon notice to all Holders of Claims or Interests and other parties in interest as directed by the Disclosure Statement Order. The only objection to confirmation of the Plan was filed by the Office of the United States Trustee and focused on two specific provisions of the Plan (the "UST Confirmation Objection"). The UST Confirmation Objection was withdrawn at the Hearing based upon the Plan being modified as provided for by paragraphs 47 and 48 below.

Based upon the entire record of the Chapter 11 Case, the record and evidence presented at the Hearing, the Section 1126 Ballot Form (the "Ballot Form"), the Ballots filed herein, and, after due deliberation with the Court being fully advised in the premises, and sufficient cause appearing therefor, this Court hereby **FINDS, DETERMINES AND ORDERS** that:

<u>The Court's Findings of Fact and Conclusions of Law</u>

1. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall later be determined to be a conclusion of law it shall be so deemed, and vice versa.

<u>Jurisdiction and Venue Are Proper in This Court</u>

2.  This Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §§1334 and 157.

3.  Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4.  All matters considered by this Court at the Hearing were core proceedings pursuant to 28 U.S.C. §157(b)(2) over which this Court has jurisdiction to enter final orders.

<u>Proper Notice Has Been Given</u>

5.  This Court has taken judicial notice of certificates of service filed by the Debtor, and finds that all persons required to receive notice of the Confirmation Hearing, the Disclosure Statement Hearing and the Bar Date have received due, proper and adequate notice of such hearings and have had an opportunity to object to the relief requested by the Debtor and to appear at and be heard at such hearings.

The Plan Satisfies the Requirements of
<u>Section 1129(a) (1) of the Bankruptcy Code</u>

6.  The Court finds and concludes that the Plan satisfies all the applicable provisions of the Bankruptcy Code, and, as required by Bankruptcy Rule 3016(b), the Plan is dated and identifies the Debtor as plan proponent.

The Debtor as Plan Proponent Has Satisfied the
<u>Requirements of Section 1129(a) (2) of the Bankruptcy Code</u>

7.  The Debtor as proponent of the Plan, pursuant to §1129(a)(2) of the Bankruptcy Code, has complied with the applicable provisions of the Bankruptcy Code.

8. As noted in paragraph 5 above, good, sufficient and timely notice of the Confirmation Hearing and the Disclosure Statement Hearing has been given to all holders of Claims and Equity Interests and all other parties to whom notice should have been given.

9. The Disclosure Statement, the Ballots and the Disclosure Statement Order comply with the provisions of the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, §1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

10. Solicitation by the Debtor of Ballots for acceptance or rejection of the Plan, and the elections set forth in the Ballots, comply with §§1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, the Disclosure Statement Order and all other applicable law. Any and all modifications to the Plan pursuant to this Order, are appropriate pursuant to 11 U.S.C. §1127 and Rule 3019 of the Bankruptcy Rules of Procedure, and no further notice or solicitation of such modifications is necessary.

11. The Debtor has fulfilled all of the obligations and duties owed to its estate as required and set forth in sections 1107 and 1108 of the Bankruptcy Code.

The Plan Satisfies the Requirements of
<u>Section 1123(a) (1) of the Bankruptcy Code</u>

12. Section 1123(a) (1) of the Bankruptcy Code provides that a plan must designate classes of claims and interests.

13. The Plan adequately classifies all Claims and Equity Interests.

The Plan Satisfies the Requirements of
<u>Section 1122(a) of the Bankruptcy Code</u>

14. The classification of Claims and Interests under the Plan is reasonable, not impermissibly discriminatory, and consistent with §1122 of the Bankruptcy Code.

### The Plan Satisfies the Requirements of Section 1123(a) (2) of the Bankruptcy Code

15.     In accordance with section 1123(a) (2) of the Bankruptcy Code, the Plan specifies the Classes of Claims that are not impaired under the Plan and the classes of Claims and Classes of Interests that are impaired under the Plan, and specifies the treatment of those Claims and Interests that are impaired.

### The Plan Satisfies the Requirements of Section 1123(a) (3) of the Bankruptcy Code

16.     In accordance with section 1123(a) (3) of the Bankruptcy Code, the Plan specifies the treatment of each impaired class.

### The Plan Satisfies the Requirements of Section 1123(a) (4) of the Bankruptcy Code

17.     In accordance with section 1123(a) (4) of the Bankruptcy Code, the Plan provides the same treatment for each claim or interest of a particular class, unless the holder of the claim or interest agrees to less favorable treatment of such particular claim or interest.

### The Plan Satisfies the Requirements of Section 1123(a) (5) of the Bankruptcy Code

18.     The Plan provides adequate means for its execution and implementation which is the distribution of cash on hand and from the collection of the Novak Receivable.

### The Plan Satisfies the Requirements of Section 1123(a) (6) of the Bankruptcy Code

19.     Section 1123(a) (6) requires a plan to provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of nonvoting equity securities and requiring identification of relative rights between different classes of equity securities.

20.     The Plan is a liquidating plan with the Debtor to be dissolved at the conclusion of the distribution of its assets through the appropriate filings with the Illinois Secretary of State. The records of the Illinois Secretary of State show that the Debtor has only one class of equity being common stock which is held by one individual.

The Plan Satisfies the Requirements of
Section 1123(a) (7) of the Bankruptcy Code

21.     In accordance with section 1123(a) (7) of the Bankruptcy Code, the Plan is a liquidating plan which has the sole director and officer continuing in such role through the dissolution of the Debtor. The replacement, if required, of such director and officer would be conducted as required under Illinois corporate law which would be in a manner consistent with the interests of creditors and equity security holders and with public policy.

The Rejection of Executory Contracts and
Unexpired Leases pursuant to Section 1123(b)(2)
of the Bankruptcy Code Is in the Best Interests of the Debtor

22.     All executory contracts and unexpired leases shall be deemed to be rejected as of the Confirmation Date.

23.     The Debtor's decision to reject all executory contracts is based on its status as a liquidating entity and is within the sound business judgment of the Debtor and is in the best interests of the Debtor.

The Plan Satisfies the Requirements of
Section 1129(a) (3) of the Bankruptcy Code

24.     The Plan has been proposed in good faith, for valid business purposes and has not been proposed by any means forbidden by law.

25.    The fact that the Plan has been unanimously accepted by the creditors in the impaired class demonstrates the determination of Creditors that the Plan is in their best interests and maximizes distributions to them.

26.    Based on the fact that the Debtor is liquidating its operations and utilizing all of its assets to make distributions to non-insider creditors, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of maximizing the returns available to Creditors.

The Plan Satisfies the Requirements of
Section 1129(a) (4) of the Bankruptcy Code

27.    Any payments promised by the Debtor for professional services or for costs and expenses in connection with the Plan and incident to the Debtor's Chapter 11 case are subject to approval by this Court.

28.    The only professional retained by the Debtor in this case is B. Lane Hasler, P.C. and no interim fee applications have been made.

The Plan Satisfies the Requirements of
Section 1129(a) (5) of the Bankruptcy Code

29.    No person has been proposed to serve as director, officer or voting trustee of the Debtor after confirmation of the Plan, there are no affiliates of the Debtor participating in a joint plan with the Debtor, and no person has been proposed to serve as director, officer or voting trustee of any successor to the Debtor, so the requirements of §1129(a)(5)(A) of the Bankruptcy Case have been satisfied.

30.    Anthony Berardi, an insider of the Debtor, being its sole shareholder and President, shall remain President after the Effective Date and shall promptly administer the Plan

and upon completion of such administration shall dissolve the Debtor. The Disclosure Statement discloses the foregoing and so the requirements of §1129(a)(5)(B) of the Bankruptcy Case have been satisfied.

### Section 1129(a) (6) of the Bankruptcy Code Is Not Applicable to the Plan

31.    There are no rate changes provided in the Plan that would require the approval of any regulatory commission having jurisdiction over the rates of the Debtor, so the requirements of §1129(a)(6) of the Bankruptcy Case have been satisfied.

### The Plan Satisfies the Requirements of Section 1129(a) (7) of the Bankruptcy Code

32.    With respect to each impaired Class of Claims or Interests, each Holder of a Claim or Interest in such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

33.    The Disclosure Statement contains an analysis showing that the distributions available to creditors in a chapter 7 would be less than provided under the Plan because, among other things, the expenses of a chapter 7 case would exceed the costs and expenses of the Plan due to a chapter 7 trustee's fees and professional costs.

### The Requirements of Section 1129(a) (8) of the Bankruptcy Code

34.    Section 1129(a) (8) of the Bankruptcy Code requires that with respect to each class of claims or interests (A) such class has accepted the plan; or (B) such class is not impaired under the plan.

35. Each of the unimpaired classes of Claims and each holder of a Claim or Equity Interest in each such Class is conclusively presumed to have accepted the Plan and solicitation of acceptance with respect to each such classes is not required, the foregoing as provided by Section 1126(f) of the Bankruptcy Code.

36. The impaired class, Class 3 General Unsecured Creditors, voted to accept the Plan. A total of twenty Class 3 creditors voted on the Plan. All twenty Class 3 creditors accepted the Plan. Class 3 creditors holding two-thirds of the amount of such voted claims.

The Plan Satisfies the Requirements of
Section 1129(a) (9) of the Bankruptcy Code

37. The Plan satisfies the requirements of all three subsections of section 1129(a) (9) of the Bankruptcy Code.

38. As required by section 1129(a) (9) (A) of the Bankruptcy Code, the Plan provides that, except as otherwise agreed by the holder of a such Claim, each holder of an Administrative Claim that is an Allowed Claim will be paid in Cash in full on the Consummation Date.

39. As required by section 1129(a) (9) (B) of the Bankruptcy Code, the Plan provides that each holder of a Priority Claim that is an Allowed Claim will be paid in Cash in full on the Consummation Date, subject to the satisfaction of the withholding requirement for such Priority Claims that are payment of wages.

40. As required by section 1129(a) (9) (C) of the Bankruptcy Code, the Plan provides that, except as otherwise agreed, each holder of a Tax Claim will be paid in Cash in full on the Consummation Date.

The Plan Satisfies the Requirements of
Section 1129 (a) (10) of the Bankruptcy Code

41. Although not necessary for confirmation under the circumstances of this case where every impaired class has accepted the plan, the Plan does satisfy the requirements of Section 1129(a)(10) of the Bankruptcy Code since there is at least one accepting impaired class.

The Plan Satisfies the Requirements of
Section 1129(a) (11) of the Bankruptcy Code

42. The Plan is a liquidating plan, accordingly it complies with §1129(a)(11) of the Bankruptcy Code.

The Plan Satisfies the Requirements of
Section 1129(a) (12) of the Bankruptcy Code

43. All fees payable under 28 U.S.C. §1930 have been paid or provision has been made therefor.

The Plan Satisfies the Requirements of
Section 1129(a) (13) of the Bankruptcy Code

44. The Debtor has no retirement plans. Accordingly, the Plan satisfies §1129(a)(13).

The Plan Satisfies the Requirements of
Section 1129(b) of the Bankruptcy Code

45.     The Plan satisfies the requirements of Section 1129(b) because the Plan meets all of its requirements, does not discriminate unfairly and is fair and equitable with respect to all classes of creditors.

The Plan Satisfies the Requirements of
Section 1129(d) of the Bankruptcy Code

46.     The primary purpose of the Plans is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.

Modifications to Plan

47.     The provisions of Section 9.1 providing for an injunction against post-confirmation actions against the Debtor is removed from the Plan and of no force or effect.

48.     The provisions of Section 9.2 which include Debtor's professionals as released parties are hereby removed from the Plan and of no force or effect.

48a.    *The provisions of Section 4.2(b) are modified to provide the payment for Allowed Priority Tax Claims shall be made on or before the Effective Date and the reference to Allowed Priority Claim in that section shall mean Allowed Priority Tax Claim.* [handwritten insertion]

The Release Provisions of the Plan Are Consistent with Sections 105,
1129 and Other Applicable Provisions of the Bankruptcy Code

49.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), (b) and (d) to grant the release provided for in the Plan.

50.     Section 105(a) of the Bankruptcy Code permits the approval of the release in circumstances where, as here, the Release is an essential element of the Plan. The present case involves the specific circumstance of a third party making a significant contribution to the Debtor's estate which contribution allows the Debtor to pay priority claims in full and to

In re A. Berardi Construction Co., Inc.
Case No. 04-46307 / Confirmation Order

make a distribution to general unsecured creditors which otherwise would receive no distribution.

51.     Based on the foregoing, the Court finds and concludes that the release provisions in the Plan are in the best interests of the Debtor's estate and creditors and are approved.

Objections Withdrawn or Denied

52.     All objections to confirmation of the Plan have either been withdrawn or are hereby denied.

Plan Confirmed

53.     The Plan and each of its provisions are hereby confirmed in accordance with §1129 (a) and (b) of the Bankruptcy Code.

Post-Confirmation Modification of this Confirmation Order

54.     The failure herein to reference or address with particularity any provision of the Plan shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

55.     If any or all provisions of this Order are hereafter modified, vacated, or reversed by subsequent order of this or any other court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken pursuant to or in connection with the Plan prior to the receipt by the Debtor of written notice of any such order; nor shall such reversal, modification or vacation of this Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification or vacation of this Order, any such obligation incurred or undertaken pursuant to and in reliance on this Order prior to the effective date of such

reversal, modification or vacation shall be governed in all respects by the provision of this Order and the Plan and all documents, instruments and agreements related thereto or any amendments or modifications thereto.

### Effect of Confirmation

56.     The Plan and its provisions shall be binding upon the Debtor, any Holder of a Claim or Interest, and any other party in interest in the Chapter 11 Case, whether or not the Claim or Interest of such Holder or the interest of any party is impaired under the Plan, and whether or not such Holder or party in interest has accepted the Plan.

### Retention of Jurisdiction

57.     The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case for the following purposes:

(a)     to hear and determine any and all objections to the allowance of any Claim or any controversy as to the classification of Claims;

(b)     to hear and determine any and all applications by professionals for the Debtor for compensation and reimbursement of expenses that were incurred prior to the Confirmation Date, as well as to hear and determine Claims sought to be treated under §507(a)(1) of the Bankruptcy Code;

(c)     to enable the Debtor to prosecute any and all proceedings which have been or may be brought on behalf of the Debtor or the Debtor's estate, or to pursue any remedies, claims or rights that the Debtor has or may have, including without limitation, to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which the Debtor

may be entitled under applicable contract provisions, the provisions of the Plan, under applicable provisions of the Bankruptcy Code, or any other federal, state or local laws;

    (d) to liquidate any disputed, contingent or unliquidated claims;

    (e) to enforce the provisions of the Plan or enter any orders contemplated by the Plan;

    (f) to correct any defects, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purpose and the intent of the Plan;

    (g) to allow for a modification of the Plan pursuant to §1127 of the Bankruptcy Code;

    (h) to allow for the entry of a final decree closing the case after distribution of all assets, or at such earlier time as the Court may authorize after notice and hearing;

    (i) to determine such other matters as may be provided for in the Plan or the Confirmation Order or as may be authorized by or under the provisions of the Bankruptcy Code; and

    (j) to determine any disputes that may arise under the provisions of the Plan, or the rights, duties or obligations of any Person under the provisions of the Plan, of the Debtor, of any professional employed by the Debtor, or of any other Person to receive compensation for any services rendered.

<u>Post-Confirmation Authority of Debtor</u>

    58. Pursuant to the Plan, upon the Effective Date, the Debtor shall have authority, without approval from the Court, to take all actions necessary to:

(a) hold, manage, protect, administer, collect, sell, liquidate, prosecute, transfer, resolve, settle, adjust, invest, distribute, or otherwise dispose of any assets of the Debtor;

(b) contest or settle any Claims;

(c) make all distributions under the Plan;

(d) engage professionals (including those professionals that presently represent the Debtor) and any other Persons necessary to assist the Debtor in fulfilling its responsibilities; to act on behalf of the Debtor in all adversary proceedings and contested matters (including, without limitation, Avoidance Actions) pending in the Court and in all actions and proceedings pending elsewhere.

(e) file tax returns and make other related corporate filings, including those necessary to dissolve the Debtor's corporate existence;

(g) undertake such other responsibilities as designated by the Debtor; and

(g) pay all necessary expenses incurred in connection with the foregoing activities.

### Notice of Entry of Confirmation Order

59. As soon as practical after entry of this Order on the docket of the Clerk of the Bankruptcy Court, the Debtor or its counsel, shall be, and hereby are authorized and directed to serve Notice of Entry of this Order on behalf of the Clerk by first class mail upon: (i) all Persons enumerated in Bankruptcy Rules 3020(c), 2002(f) (7), 2002(i) and 2002(k); (ii) all post-Petition Date claimants known to the Debtor or the Debtor; and (iii) all parties having requested notices in the Chapter 11 Case, and such service shall constitute good and sufficient notice by the Clerk of the entry of this Order confirming the Plan, and no other or further notice need be given.

Dated:    Chicago, Illinois
December 15, 2005

ENTER:    _____
United States Bankruptcy Judge